UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DREYON WYNN,

    Plaintiff,

v.

MID MICHIGAN COMMUNITY COLLEGE,

    Defendant.
_____/

Case No.: 17-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
kkelly615@gmail.com
_____/

## COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DREYON WYNN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, MID MICHIGAN COMMUNITY COLLEGE, stating more fully as follows:

### COMMON ALLEGATIONS

1.    That Plaintiff is a resident of the County of Bay, State of Michigan.

2. That Defendant is a community college located in the County of Clare, State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), excluding costs, interest, and attorney fees.

4. That Plaintiff is an African-American male.

5. That this Honorable Court has jurisdiction of the present action pursuant to 42 U.S.C. § 1983 since this case involves a federal question.

6. That the Defendant did receive Plaintiff's application for the vacant position of Human Resource Director for Mid Michigan Community College on or about December 2, 2015. (See **Exhibit 1**).

7. That subsequent to the filing of Plaintiff's application with Defendant, Plaintiff accepted other applications, namely from an individual who was a caucasion female by the name of Lori A. Wright.

8. That Plaintiff met or exceeded all requirements for the position of Human Resource Director for the Defendant. (Please see CV supplied to Defendant.)

9. That one of the conditions or minimum requirements and qualifications for the job was to possess a Masters Degree. (See Exhibit 3 - which is the posting and requirements for the job).

10. That Defendants did select Lori A. Wright for the position of Director of Human Resources for Mid Michigan Community College.

11. That by virtue of Defendant's requirements, their successful chosen applicant the white Caucasian female did not meet the minimum requirements and qualifications for the position.

12. That in point of fact, Lori A. Wright was not qualified for the position.

13. That when Plaintiffs made their original request for documents, the Defendants refused to provide information concerning the applicant they had chosen, in an attempt to cover up, and prevent such information from disclosure, although they knew that said information was not protected by any privilege and would have been properly subject to the public domain.

14. That in point of fact, Defendants bent the rules, so as to accept the Caucasion female in place of the African American Male for the position.

15. That Defendant simply did not want an African American to be involved as a Director of Human Resources for the college, because of his race.

16. That in point of fact, Defendants have never had an African American Director of Human Resources.

17. That the Defendant College, and their hiring personnel are racist, and again, bent over backwards to accept the unqualified individual and indicated that they would "work with her" so that she could obtain the degree which was

3

necessary for the minimum qualifications of the job.

18. That Defendants' actions, or purported reasons for rejecting Plaintiff are merely pretext for unlawful discrimination.

19. That Plaintiff belongs to an identifiable class of persons who are subject to discrimination based on their race.

20. That Defendant intended to discriminate against Plaintiff on the basis of race.

21. That Defendant's discriminatory conduct abridged Plaintiff's right to enter into, perform, and enjoy the benefits of an employment contract with Defendant.

22. That Defendant's discrimination is established by Defendant's failure to select Plaintiff for the Human Resources Director position, even though he possessed superior qualifications than the Caucasian employee selected for the position.

23. That said Caucasian employee did not possess the minimum requirements for the job.

24. That Defendant further attempted to hide evidence that the Caucasian employee was less qualified than Plaintiff.

25. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but

not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

26. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

27. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

28. That at all times material hereto, Defendant was an employer as defined by MCL § 37.2201(a).

29. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his race.

30. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

31. That as a direct and proximate result of Defendant's unlawful actions,

Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

32.  That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

33.  That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

34.  That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – RACIAL DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1983

35. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 34 of his Common Allegations, word for word and paragraph for paragraph, as if fully set forth herein.

36. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

37. That the Fourteenth Amendment provides in part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1.

38. That both the Equal Protection Clause and the concept of Substantive Due Process protect against intentional discrimination based on race. See *Gutzwiller v. Fenik*, 860 F.2d 1317 (6th Cir. 1988).

39. That claims brought under Section 1983 "must prove the same elements required to establish a disparate treatment claim under Title VII of the Civil Rights Act of 1964." *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000).

40. That at all times material hereto, Defendant acted under the color of State law.

7

41. That Defendant subjected Plaintiff to racially discriminatory treatment.

42. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his race.

43. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

44. That Plaintiff applied for the position of Human Resources Director.

45. That Plaintiff suffered an adverse employment action through Defendant's failure to hire Plaintiff for the position of Human Resources Director.

46. That Plaintiff suffered the above adverse employment action under circumstances that give rise to an inference of race discrimination.

47. That at the time that Plaintiff applied for the Human Resources Director position, another employee, Lori A. Wright, who was a not a member of Plaintiff's protected class and who was less qualified than Plaintiff, received the position.

48. That Defendant's proffered reasons, if any, for choosing Lori A. Wright over Plaintiff are pretextual in nature.

49. That as noted above, Lori A. Wright did not meet the minimum mandatory requirements of the job. That in fact, Defendant's letter accepting Ms. Wright for the position dated December 10, 2015, specially shows that Defendant

"bent the rules" so as to accept Ms. Wright for the position indicating that once she receives her Masters Degree, she will receive a bonus and raise.

50. That Defendant's actions constitute racial discrimination in violation of 42 U.S.C. §1983.

51. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

52. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

53. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – RACIAL DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

54. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 34 of his Common Allegations, paragraphs 35 through 53 of Count I, word for word and paragraph for paragraph, as if fully set forth herein.

55. That the Elliott-Larsen Civil Rights Act makes it unlawful for an employer to fail or refuse to hire or recruit or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of race. MCL § 37.2202(1)(a).

56. That at all times material hereto, Defendant was an employer as defined by MCL § 37.2201(a).

57. That at all times material hereto, Plaintiff was and is a member of a

protected class by virtue of his race.

58. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

59. That Plaintiff applied for the position of Human Resources Director.

60. That Plaintiff suffered an adverse employment action through Defendant's failure to hire Plaintiff for the position of Human Resources Director.

61. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

62. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

63. That Plaintiff hereby claims the costs of litigation, including

reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: December 28, 2017      By:  */s/ Victor J. Mastromarco, Jr.*
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414
                                                vmastromar@aol.com

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DREYON WYNN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: December 28, 2017      By:  */s/ Victor J. Mastromarco, Jr.*
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414
                                                vmastromar@aol.com