UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DREYON WYNN,

    Plaintiff,                                           Case No. 17-cv-14196
                                                          Honorable Thomas L. Ludington

vs.

MID MICHIGAN COMMUNITY COLLEGE,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

A full factual and procedural summary can be found in the Court's February 1, 2019 order Denying Defendant's motion for summary judgment. ECF No. 19. On February 13, 2019, Defendant moved for reconsideration of that order. ECF No. 27. Plaintiff was directed to respond and did so on February 27, 2019. ECF No. 33.

**I**.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II**.

The facts presented at the summary judgment stage were as follows. Plaintiff (an African American male) and Ms. Fassett (a Caucasian female) both applied for the position of Executive Director of Human Resources at Mid-Michigan Community College. Plaintiff's application was incomplete in that he was lacking his letters of recommendation. Ms. Fassett's job application was complete, but she did not have a Master's degree (a minimum requirement for the job). Both applications were timely, although Plaintiff's application was submitted later than Ms. Fassett's. Ms. Clayton (assistant to the MMCC President) handled application intake. She uploaded Ms. Fassett's application to the hiring committee's google drive for review, but did not upload Plaintiff's application for review because she was incomplete. Ms. Fassett was hired and Plaintiff was not.

In its motion for reconsideration, Defendant now offers an affidavit of Ms. Clayton which states that she did in fact upload Plaintiff's application to the committee's google drive, as she did with all applications (irrespective of whether they were complete), and that she performed no screening function. ECF No. 27-1. Defendant now suggests that, although Plaintiff's application was uploaded to the committee's google drive, the committee did not evaluate Plaintiff's application.

In its motion for summary judgment, however, Defendant explained that Plaintiff's application was incomplete and, therefore, was not considered. *See, e.g.* Mot. Summ. J. at PGID 86, n. 2 ("As Ms. Clayton received application packets, she placed all the complete application packets into a Google Drive that all of the committee members could access . . . As interview

committee member Gail Crandell testified, incomplete application packets would not be included in the applicant pool and thus would not be reviewed by the committee."); *Id.* ("Since Plaintiff's application packet was incomplete, it did not make it to the applicant pool."); *Id.* at PGID 89 ("MMCC's treatment of Plaintiff's application was the result of his failure to submit a complete application packet and the timing of his application.") *Id.* at PGID 98 ("First and foremost, MMCC's treatment of Plaintiff's application was the result of his failure to submit a complete application packet . . . only **complete** application packets were considered . . . No one who submitted an incomplete application packet was placed into the applicant pool . . .") (emphasis in original); *Id.* at PGID 79 ("In this case, the interview committee only reviewed complete application packets."); *Id.* ("The interview committee never reviewed the packet because of the timing of the submission and the fact it was incomplete."); *Id.* ("In this case, MMCC did not interview and hire Plaintiff because he submitted an incomplete application packet late in the hiring process . . ."); *Id.* at PGID 101 ("Quite simply, given the timing of Plaintiff's application and the fact his application was incomplete, it was never even considered.").

Defendant explains this contradiction as follows:

MMCC's previous argument that Plaintiff's application packet was not uploaded to Google Drive due to its incompleteness was based on the understanding of the interview committee members, none of whom had first-hand knowledge of how Ms. Clayton processed application packets. After this Court issued its Order Denying Summary Judgment, counsel spoke with Ms. Clayton, who is no longer employed at MMCC. She indicated the she did not screen out Plaintiff's application at all.

Mot. at 4.

Defendant's most recent explanation is unpersuasive. It is unclear why the committee members testified to matters that were not within their personal knowledge, and how they arrived at the misconception that Ms. Clayton was screening out incomplete applications if that was not

what actually occurred. Defendant argues that it had no occasion to explore these issues because Plaintiff never deposed Ms. Clayton or otherwise pursued the theory that she screened out incomplete applications. Yet that theory was apparent from the face of MMCC's defense, and was repeated countless times in Defendant's motion, as set forth above.

Moreover, the testimony concerning Ms. Clayton's "screening" role is not the only issue that must be explained in order to warrant reconsideration. Defendant repeatedly explained in its motion for summary judgment that Plaintiff's application was never considered due to its incompleteness (as quoted above). This presupposes that someone (even if not Ms. Clayton) reviewed Plaintiff's application and concluded that it should not be considered.

Defendant's new explanation simply shifts the focus back to the interview committee, as opposed to Ms. Clayton. Defendant argued in its motion for summary judgment that Plaintiff had "absolutely no evidence" to rebut the committee member's testimony that they never saw his application. Ms. Clayton's affidavit has now provided Plaintiff with such evidence. If Ms. Clayton uploaded Plaintiff's application to the committee's google drive (as she states in her Affidavit), this is circumstantial evidence that the committee members saw his application. The committee members' testimony to the contrary does not eliminate the dispute of fact.

**III**.

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 27, is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 4, 2019